And now, July 21, 1978, a verdict is entered in favor of defendant.

---

## Lower Providence Township v. Moyer's Landfill, Inc.

*Frederic Wentz*, for township.
*Steven H. Lupin*, for defendant.

TREDINNICK, *J.*, August 31, 1978—Defendant operates a sanitary landfill in Lower Providence

Township. It was charged with violating an ordinance regulating such operations in that it permitted dumping at the landfill between the hours of 5:00 p.m. and 7:00 a.m. on a certain date. On conviction before a district justice, an appeal was perfected to this court. We find defendant not guilty. However, since defendant asserted a number of defenses, including that of unconstitutionality of the ordinance, we will briefly state the basis for this determination.

The ordinance which defendant is alleged to have violated is ordinance no. 84. However, the conduct which constitutes the supposed violation is proscribed not by the ordinance, but by section 14 of a *resolution* adopted by the board of supervisors, purportedly under authority of the ordinance.

Townships are given specific power to "regulate or prohibit" dumping: The Second Class Township Code of May 1, 1933, P.L. 103, art. VII, sec. 702, as amended, 53 P.S. §65708. That power is exercisable through the adoption of *ordinances*, not resolutions. This is particularly so in the case of legislation which is penal in nature, as this is.

Therefore, since the regulation involved is not properly part of an ordinance, it is invalid, and defendant cannot be charged with its violation.

This determination makes it unnecessary to pass upon the constitutionality of the ordinance in any particular and we specifically make no determination of that issue.

ORDER

And now, August 31, 1978, defendant is found not guilty.